UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK MARSHALL SELF                                  CIVIL ACTION

VERSUS                                                    NO. 14-1798

CAROLYN W. COLVIN, ACTING                     SECTION "N" (2)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## FINDINGS AND RECOMMENDATION

Plaintiff Frank Marshall Self, who is represented by counsel, filed this complaint in this court on August 6, 2014, seeking judicial review pursuant to Section 405(g) of the Social Security Act. Record Doc. No. 1. An answer to the complaint was filed on December 29, 2014. Record Doc. No. 13. Thereafter, I issued a scheduling order requiring that plaintiff file a memorandum of facts and law no later than February 4, 2015. Record Doc. No. 15.

Plaintiff failed to file a memorandum as ordered by the court. Accordingly, by order dated February 5, 2015, plaintiff's counsel was ordered to appear in person before me on February 25, 2015, to report on the status of the case and show cause why the case should not be dismissed for failure to prosecute. Record Doc. No. 16. The order advised plaintiff's counsel that filing the previously ordered memorandum before the February 25, 2015 hearing would satisfy the court's order and make an appearance unnecessary. The order was mailed electronically to plaintiff's counsel by the Clerk of Court. The record provides no indication that it was not received. However, plaintiff's counsel did not appear in court as ordered at the time of the hearing on February 25, 2015, he has made no effort

to contact the court, and his memorandum of facts and law still has not been filed in the record of this case.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Robinson v. Home Depot USA Inc.</u>, 478 F. App'x 820, 823-24 (5th Cir. 2012); <u>Holden v. Simpson Paper Co.</u>, 48 F. App'x 917, 2002 WL 31115137, at *1 (5th Cir. Sept. 18, 2002); <u>Hulsey v. Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987). Plaintiff's counsel's failure to file the required brief by February 4, 2015, followed by his failure to comply with the court's February 5, 2015 order to appear and report on the status of the case and show cause why the case should not be dismissed for failure to prosecute, clearly reflect a continuing failure on his part to prosecute.

In a third and final effort to provide plaintiff with an opportunity to file the necessary memorandum or to otherwise show cause why this complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff

that the objection should contain a short summary of the reasons why plaintiff failed to comply with the court's previous orders.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's findings and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

## RECOMMENDATION

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation or the memorandum concerning his claims, as previously ordered, this case be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this  26th  day of February, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.